IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| 425 Third Street SW, Suite 800 ) | |
| Washington, DC 20024, ) | |
|                                                 ) | |
|       Plaintiff, ) | |
|                                                 ) | Civil Action No. |
| v.                                            ) | |
|                                                 ) | |
| U.S. DEPARTMENT OF DEFENSE, ) | |
| 1400 Defense Pentagon ) | |
| Washington, DC 20301, ) | |
|                                                 ) | |
|       Defendant. ) | |
| _____) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Defense to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.  Defendant U.S. Department of Defense is an agency of the United States Government and is headquartered at 1400 Defense Pentagon, Washington, DC 20301. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.  On February 3, 2016, Plaintiff submitted a FOIA request to the Administrative Services FOIA officer at U.S. Army Crime Records Center, a component of Defendant, seeking the following:

> Any and all records regarding, concerning, or related to the non-prescription use of opiates (including opium, heroin, and/or pharmaceutical opioid medications) by American service members in Afghanistan and by veterans of Operations Enduring Freedom in Afghanistan (OEF-A) or Operation Freedom's Sentinel.

The time frame for the request was identified as "January 1, 2012 to the present."

6.  Plaintiff's request was a verbatim copy of a FOIA request Plaintiff had served on the U.S. Department of the Army on February 15, 2012. The U.S. Army Crime Records Center produced records responsive to the earlier request on March 8, 2012. The records produced by the U.S. Army Crime Records Center subsequently were the subject of news reports by Fox News (April 20, 2012) and CNN (April 23, 2012).

7.  By letter dated February 8, 2016, the Director of U.S. Army Crime Records Center/Privacy Act officer, Susan Cugler, acknowledged receipt of Plaintiff's request and advised Plaintiff that the request had been assigned "case number [FA16-1380]."

8.  By letter dated March 7, 2016, Ms. Cugler denied Plaintiff's request, asserting that the request was "unfeasible to perform" with the information provided because records at the

- 3 -

U.S. Army Crime Records Center "are indexed by personal identifiers such as names, social security numbers, dates and places of birth and other pertinent data to enable the positive identification of individuals."

9. By letter dated April 6, 2016, Plaintiff filed a timely administrative appeal of the March 7, 2016 denial. In its appeal, Plaintiff referenced the U.S. Army Crime Records Center's March 2012 production of records in response to Plaintiff's identical, earlier request. In that case, the U.S. Army Crime Records Center "was able to identify, retrieve, review, apply appropriate redactions to, and release records responsive to th[e 2012] request in a matter of approximately 15 days."

10. By letter dated May 11, 2016, Ms. Cugler acknowledged receipt of Plaintiff's FOIA administrative appeal and stated the "appeal was forwarded to the Office of the Secretary of the U.S. Army – Office of the General Counsel (OGC), Freedom of Information Act Appellant Authority." Ms. Cugler further indicated "[a] reply from the OGC Appellant Authority will be forthcoming."

11. By letter dated May 20, 2016, Plaintiff received a response from Hayley R. Curry, Office of the Secretary of the U.S. Army – OGC acknowledging receipt of Plaintiff's appeal. Ms. Curry states the OSG will "respond to [Plaintiff's] appeal[] in the order received" due to the "large volume of FOIA demands" on the agency.

12. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) make a determination with respect to Plaintiff's administrative appeal.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

13. Plaintiff realleges paragraphs 1 through 12 as if fully stated herein.

14. Defendant is violating FOIA by failing to search for and produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production. Defendant also is violating FOIA by failing to make a determination with respect to Plaintiff's administrative appeal.

15. Plaintiff is being irreparably harmed by reason of Defendant's violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

16. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a determination with respect to Plaintiff's appeal within twenty (20) working days of receiving the appeal. Accordingly, Defendant's determination was due on or about June 20, 2016, at the latest.

17. Because Defendant failed to make a determination with respect to Plaintiff's appeal within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other

- 5 -

litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated:  February 13, 2017 | Respectfully submitted, |
| | */s/ Paul J. Orfanedes*<br>Paul J. Orfanedes<br>D.C. Bar No. 429716<br>JUDICIAL WATCH, INC.<br>425 Third Street SW, Suite 800<br>Washington, DC 20024<br>(202) 646-5172 |
| | *Counsel for Plaintiff* |